Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Brian K. Nolan,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
Brian K. Nolan, on behalf of himself
and all others similarly situated,

                                              Plaintiffs,

**CLASS ACTION COMPLAINT**

v.

Credit Corp Solutions, Inc.

                         Defendant.
--------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against the Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Credit Corp. Solutions, Inc. ("CCS" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Brian K. Nolan is an individual natural person who at all relevant times resided in the City of North Bergen, County of Hudson, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, CCS, is a corporation with its principal place of business located at 121 W. Election Road, Suite 200 Draper, UT 84020.

10. CCS is a purchaser of defaulted debt. CCS's business model is to pay less than ten cents on the dollar for a defaulted debt and then seek to collect the full amount.

11. The principal purpose of CCS is the collection of debts using the mail and telephone.

12. Debt collection is the principal purpose of CCS's business.

13. CCS has no principal purpose other than purchasing defaulted debt in order to collect on said debt.

14. Debt collection is CCS's only business.

15. CCS is in the business of debt-buying.

16. CCS exists solely for the purpose of purchasing and then seeking to collect defaulted debt.

17. CCS does not offer or extend credit, but rather only purchases defaulted debt and then attempt to collect said debt.

18. CCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. CCS identifies itself as a debt collector in their collection letters.

20. <span style="color:red">Website???</span>

21. CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

22. Sometime prior to January 1, 2019, Plaintiff allegedly incurred a debt to Citibank, N.A. ("Citibank") related to a personal credit card with an account number ending in 5092 (the "Debt").

23. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes,

namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Citibank.

24. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

25. Plaintiff's credit card account that was issued by Citibank was neither opened nor used by Plaintiff for business purposes.

26. Plaintiff's personal credit card account Debt to Citibank is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

28. The Debt went into default because of non-payment.

29. After the Debt went into default, the Debt was allegedly sold by Citibank to another entity.

30. At a time known only to Defendant, Plaintiff's Debt was referred to CCS for collection by its new alleged owner.

31. CCS contends that the Debt is in default.

32. The Debt was in default at the time the Debt was referred to CCS for collection.

33. The Debt was past-due at the time the Debt was referred to CCS for collection.

34. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

35. On or about February 26, 2019, CCS mailed or caused to be mailed a letter to Plaintiff (the "Letter"). (Annexed and attached hereto as <u>Exhibit A</u> is a copy of the Letter dated February 26, 2019 that CCS mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy)

36. CCS mailed the Letter dated February 26, 2019 attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

37. Plaintiff received the Letter in the mail.

38. Plaintiff read the Letter upon receipt of the Letter in the mail.

39. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

40. <u>Exhibit A</u> seeks to collect the Debt.

41. <u>Exhibit A</u> conveyed information regarding the Debt including the Balance Due, CCS Reference number and a demand for payment.

42. The Letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

43. The Letter attached as <u>Exhibit A</u> is the first written communication Plaintiff received from CCS regarding the Debt.

44. The Letter attached as <u>Exhibit A</u> is the first written communication that CCS sent to Plaintiff regarding the Debt.

45. <u>Exhibit A</u> represents CCS's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. § 1692a(2).

46. The Letter attached as <u>Exhibit A</u> states in relevant part:

> Current Creditor: GEPSCC060

47. The letter attached as <u>Exhibit A</u> later states in relevant part:

> Notice is hereby given that on 01/15/19 all rights, title and interest in the above listed debt have been assigned to CREDIT CORP SOLUTIONS, INC.

> (see Exhibit A)

48. CCS's collection practice is a high-volume practice.

49. CCS's debt collection practice is largely automated and utilizes standardized form letters.

5

50. Documents in the form represented by Exhibit A are regularly sent by CCS to collect consumer debts.

51. Exhibit A is a standardized form letter.

52. Exhibit A is a computer-generated form letter.

53. CCS mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New Jersey consumers from whom CCS attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. §1692g)

54. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

55. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692, 1692g, 1692g(a)(2)

56. The FDCPA at § 1692g(a)(2) states in relevant part:

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (2) the name of the creditor to whom the debt is owed;

57. Collection letters and/or notices, such as Exhibit A sent by Defendant to Plaintiff, are to be evaluated by the objective standard of the "least sophisticated consumer."

58. In order to comply with § 1692g(a)(2) a collection letter may not simply state the name of the creditor to whom the debt is owed but must "effectively convey" that information, and must not state the information in a confusion, contradictory, or misleading way.

59. Defendant violated § 1692g(a)(2) because the Letter attached as <u>Exhibit A</u> gives confusing and contradictory information regarding who the creditor to whom the Debt is allegedly owed. Specifically, on the top left portion of the Letter it states, "Current Creditor: GEPSCC060". However, later in the Letter, it says that all rights title and interest in the Debt originally owed to Citibank, N.A./GOODYEAR were assigned to CCS. Both of these statements cannot be true. Either GEPSCC060 is the current creditor or CCS is. A least sophisticated consumer would not know based on the information provided in the Letter who they owe the debt to because the Letter *specifically names* GEPSCC060 as the current creditor in one section of the Letter but later implies that CCS is the current creditor by way of assignment of all legal rights and title in the debt in another section of the Letter. By naming two different and distinct parties as the creditor, the Letter violates § 1692g(a)(2) by failing to clearly and effectively state the name of the creditor to whom the Debt was owed.

60. If GEPSCC060 is the "current creditor" as stated in the Letter, then the Letter violates § 1692g(a)(2) by stating that all rights, interest and title in the Debt were assigned to CCS. In the alterative, if CCS is the Plaintiff's correct creditor, then the Letter violates § 1692g(a)(2) by stating that GEPSCC060 is the "current creditor" in the top left portion of the Letter.

61. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the above FDCPA violations.

7

# CLAIMS FOR RELIEF

# COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. §1692e)

62. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

63. The conduct of the Defendant in this case violates 15 U.S.C. §§1692 and 1692e(10).

64. The FDCPA at § 1692e provides:

> **§1692e.    False or Misleading Representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

65. Defendant's Letter attached as Exhibit A hereto is misleading and/or deceptive to the "least sophisticated consumer", and therefore violates 15 U.S.C. § 1692e(10). Exhibit A is misleading and/or deceptive and thus violates § 1692e(10) because the Letter can be reasonably read to have two different meanings, one of which is inaccurate. Specifically, when reading the Letter, either the Debt is owed to GEPSCC060 (the entity listed as the "Current Creditor") or the Debt is owed to CCS (the entity claiming to have been assigned all rights, title and interest in the Debt), both of these statements cannot be true because only one party can own the debt and be the rightful creditor. Therefore, the Letter can reasonably be read to have two different meanings, one of which is inaccurate, and thus violates § 1692e(10).

66. The misleading and deceptive act of naming two separate creditors is material because it can affect the decision making of the least sophisticated consumer by making them unaware of who they allegedly owe the debt to.

67. Plaintiff has alleged a particularized injury because the Letter attached as <u>Exhibit A</u> was were mailed and directed to him.

68. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA resulted in concrete harm to Plaintiff.

69. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. § 1692k because of the above FDCPA violations.

## **CLASS ALLEGATIONS**

70. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

71. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72. The Class is initially defined as (a) all consumers; (b) with a New Jersey address; (c) who were sent a letter from CCS in a form materially identical or substantially similar to the Letter attached as Exhibit A; (d) which was not returned by the post office as undeliverable; (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (f) where the letter included the alleged conduct and practices described herein.

73. The class definition above may be subsequently modified or refined.

74. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

75. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on the fact that the Complaint involves a form collection letter, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and

15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual

joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I & II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class previously set forth and defined above.
2. Adjudging that Defendant violated 15 U.S.C. §§ 1692e, 1692e(10); and 1692g, 1692g(a)(2)
3. An award of statutory damages for the Plaintiff and the class members pursuant to 15 U.S.C. §1692k;
4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
October 31, 2019

                             /s/ Ryan Gentile
By:_____
      Ryan Gentile, Esq.
      *Attorney for Plaintiff*
      110 Jericho Turnpike – Suite 100
      Floral Park, NY 11001
      Tel: (201) 873-7675
      Fax: (516) 305-5566
      rlg@lawgmf.com